IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AISHA RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-1200-EFM-GEB |
| | ) |
| GREAT BEND REGIONAL | ) |
| HOSPITAL, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant's Motion for Leave to File Answer Out of Time (**ECF No. 5**). For the reasons set forth below, Defendant's motion is **GRANTED**.

I.  **Background**

This dispute regarding the parties' performance of a "termination of employment" contract was filed on July 10, 2018, and defendant Great Bend Regional Hospital was promptly served on July 16, 2018. Although the court's Electronic Case Filing system generated an answer deadline of August 6, 2018 (ECF No. 3), defense counsel mistakenly calculated the deadline as August 7, 2018. (ECF No. 5, at 2.)

After discovering his error, on August 7, defense counsel reached out to Plaintiff's counsel, seeking approval of an extension of the answer deadline. Plaintiff refused to agree to the extension, and Defendant filed the instant motion. Plaintiff formally opposes

the belated filing (Response, ECF No. 7), all related briefing is complete, and the issue is now ripe for decision.

## II. Motion for Leave to File Answer Out of Time (ECF No. 5)

### A. Legal Standard

The standard for permitting a party to file its pleading out of time is well established. Fed. R. Civ. P. 6(b)(1)(B) provides in pertinent part, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[1]

"It is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[2] The court generally considers four factors when determining whether a party's actions establish excusable neglect, including:

(1) the danger of prejudice to the opposing party,
(2) the length of delay caused by the neglect and its impact on judicial proceedings,
(3) the reason for delay and whether it was in the reasonable control of the moving party, and
(4) the existence of good faith on the part of the moving party.[3]

---

[1] *ClaimSolution, Inc. v. Claim Sols., LLC*, No. 17-2005-JWL-GEB, 2017 WL 2225225, at *2 (D. Kan. May 22, 2017) (citing *Alsbrooks v. Collecto, Inc.*, No. 10-2271-JTM, 2010 WL 4067145, at *1 (D. Kan. Oct. 15, 2010)).
[2] *Id.* (citing *Alsbrooks*, 2010 WL 4067145, at *2) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993) (internal edits omitted)).
[3] *Id.* (citing *Alsbrooks*, 2010 WL 4067145, at *2) (citing *Scott v. Power Plant Maint. Specialists, Inc.,* No. 09–2591, 2010 WL 1881058, at *2 (D. Kan. May 10, 2010) (citing *Hamilton v. Water Whole Intern. Corp.,* 302 Fed. Appx. 789, 798 (10th Cir. 2008)).

The reason for the delay in filing the answer is of utmost importance, "if not the most important factor" in the court's analysis.[4] The decision to permit the late filing of a pleading lies within the court's discretion,[5] and "the preferred disposition of any case is upon its merits and not by default judgment."[6]

B. Analysis

In review of the above factors, Plaintiff concedes the length of delay weighs in favor of extension, but argues the remaining balance of factors weigh in favor of denying Defendant's motion. Defendant maintains it acted swiftly and in good faith after discovering its calendaring error, and its actions constitute excusable neglect. The parties' arguments are briefly addressed.

Defendant contends Plaintiff will suffer no prejudice from its one-day delay in seeking to respond to the Complaint. Although Plaintiff asserts no specific argument regarding prejudice, she generally contends she has been harmed by Defendant's lack of cooperation prior to filing this litigation, and this lack of cooperation should weigh against Defendant's current request.

---

[4] *Id.* (citing *Scott,* 2010 WL 1881058, at *2) (citing *United States v. Torres,* 372 F.3d 1159, 1163 (10th Cir. 2004)).
[5] *See Brooke Credit Corp. v. Lobell Ins. Servs., LCC*, No. 06-2577-CM, 2008 WL 717964, at *1 (D. Kan. Mar. 14, 2008) (citing *Jetcraft Corp. v. Banpais, S.A. De C.V.,* 166 F.R.D. 483, 485 (D. Kan. 1996) (citing *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995)).
[6] *Cochran v. Shri Ambaji Corp.*, No. 14-2491-EFM-KMH, 2015 WL 2114025, at *4 n. 28 (D. Kan. May 6, 2015) (conditionally denying plaintiff's motion for default judgment, granting defendant's motion to set aside the clerk's entry of default, and granting defendant leave to file its answer out of time) (citing *Crutcher v. Coleman,* 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970)).

Plaintiff offers no legal authority for her suggested link between the parties' inability to reach a resolution prior to initiating legal action, and Defendant's failure to timely file its Answer. Although authority on the topic is minimal, this very Court has found only *post*-suit delay relevant in an excusable neglect analysis.[7] And, Plaintiff admits the length of delay clearly favors granting the extension. (ECF No. 7, at 4.)

To date, the greatest delay in *this litigation*—which is the focus of the Court—has been the issue of the one-day extension of the answer deadline. Although counsel is certainly entitled to contest any motion sought by the opposing party, simply because one *can* does not mean one necessarily *should*. Counsel are encouraged to review the tenants of the Pillars of Professionalism related to granting reasonable accommodations to an opposing party or counsel.[8]

The reason for Defendant's delay, and whether or not it was in Defendant's control, is the most important factor to consider.[9] Courts have forgiven missed deadlines caused by such mistakes as clerical calendaring errors, miscalculations of deadlines, and

---

[7] *ClaimSolution, Inc.*, 2017 WL 2225225, at *3 (finding "the Court considers only post-suit delay" in its analysis of the reason for the party's delay and whether it was within the defendants' control)

[8] *Pillars of Professionalism*, found at http://www.ksd.uscourts.gov/pillars-of-professionalism/. "This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's Pillars of Professionalism (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public." *Raymond v. Spirit AeroSystems Holdings, Inc.*, No. 16-1282-JTM-GEB, 2017 WL 2831485, at *10 (D. Kan. June 30, 2017), *objections overruled*, No. 16-1282-JTM, 2017 WL 3895012 (D. Kan. Sept. 6, 2017) (quoting *Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2017 WL 680070, at *3 (D. Kan. Feb. 21, 2017)). Of particular note is the first page, ¶ 3, discussing "granting reasonable accommodations to opponents" and the second page, ¶ 3, encouraging counsel to "[g]rant scheduling and other procedural courtesies that are reasonably requested whenever possible without prejudicing your client's interests."

[9] *See supra* note 4 and accompanying text.

mishandling of documents.[10] Here, despite the delay being completely within Defendant's control, counsel simply miscalculated his deadline, was forthright about his mistake, and acted promptly to remedy the error. Therefore, the Court finds Defendant acted in good faith.

### C. Conclusion

Weighing all necessary factors, the Court in its discretion finds Defendant's failure to timely respond to the Complaint amounts to excusable neglect. The delay to this litigation is minimal, and the Court can find no prejudice to Plaintiff. Although the error was completely within Defendant's control, counsel acted in good faith to quickly remedy his mistake. No scheduling order is in place, and no other Court action has occurred. Under these circumstances, the Court would prefer to spend its time on the merits[11] and quickly move this case forward to scheduling and discovery.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Answer or Otherwise Respond Out of Time (**ECF No. 5**) is **GRANTED**. Defendant shall respond to the Complaint on or before **September 10, 2018**.

---

[10] *See Clinical Reference Lab., Inc.*, 2013 WL 1816352, at *3 (collecting District of Kansas and Tenth Circuit Court of Appeals cases where courts have permitted untimely filings) (citing *Brown v. Fisher,* 251 Fed. Appx. 527, 533 (10th Cir. 2007); *Hancock v. City of Okla. City,* 857 F.2d 1394, 1396 (10th Cir.1988); *Espy v. Mformation Techs.,* No. 09–2211–EFM, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009); *Law v. Bd. of Trs. of Dodge City Cmty. Coll.,* 08–1212–JTM–DWB, 2008 WL 5120037, at *2 (D. Kan. Nov. 26, 2008); *Akright v. Flex Fin. Holding Co.,* No. 08–2038–CM–GLR, 2008 WL 1958345, at *2 (D. Kan. May 2, 2008)).

[11] *Cochran*, 2015 WL 2114025, at *4 n. 27-28 (discussing whether to set aside an entry of default and allow defendant to file its answer out of time) (citing *Crutcher,* 205 F.R.D. at 584) (quoting *Gomes,* 420 F.2d at 1366)).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 30th day of August, 2018.

                                       s/ Gwynne E. Birzer
                                       GWYNNE E. BIRZER
                                       United States Magistrate Judge